**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ORLANDO VICENTE-VICENTE,

Petitioner,

v. Case No. 1:26-cv-001481 KWR-JFR

WARDEN, *Torrance County Detention Center*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

**BACKGROUND**

Petitioner is a citizen of Guatemala detained by ICE at the Torrance County Detention Center. He entered the United States in 2006. Petitioner was arrested on November 3, 2025. A Notice to Appear was issued on December 12, 2025 and removal proceedings commenced.

On January 6, 2026, Petitioner received a bond hearing before an immigration judge under 8 U.S.C. § 1226. An immigration judge denied his request for release on bond, reasoning that he is a flight risk.

This is Petitioner's second habeas petition. He filed a habeas petition in the Western District of Texas on March 21, 2026. On April 1, 2026, the Texas federal district court denied the petition on the grounds that it lacked jurisdiction to review a § 1226 bond determination.

Petitioner asserts the following claims in this case. First, he appears to assert an Administrative Procedures Act claim, asserting that his mandatory detention violates the APA or 8 U.S.C. § 1231. Second, Petitioner asserts another APA claim, arguing that he did not really receive a discretionary bond decision by an immigration judge, but mandatorily detained by "unidentified government officials in Washington." Doc. 1 at 21. Third, Petitioner asserts that his due process rights were violated because an individualized custody determination was not conducted. He asserts he is in custody without individualized findings. Fourth, he asserts that his Fourth Amendment rights were violated as he was arrested without a warrant.

## DISCUSSION

### I. <u>Petitioner received a bond hearing and is lawfully detained</u>.

Petitioner appears to assert that his detention is unlawful because he did not receive a bond hearing or an adequate bond hearing, and he is detained without individualized findings that he is a flight risk or danger to the community. Petitioner may be detained under 8 U.S.C. § 1226(a).

Here, Petitioner received a bond hearing, at which the immigration judge concluded that he was a flight risk. Petitioner has thus received the process due under § 1226(a).

To the extent Petitioner challenges the determination that he is a flight risk, the Court generally lacks jurisdiction to review an immigration judge's flight risk determination, and he fails to explain why the immigration judge's decision was erroneous.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he was a flight risk. The Court lacks

authority to review the immigration judge's discretionary determination. Petitioner does not assert that there was a due process violation at his bond hearing.

Petitioner asserts that he did not receive a real bond hearing because of binding BIA and Fifth Circuit precedent. In other words, he asserts that he was mandatorily detained. But the bond decision does not state that he was mandatorily detained, and he does not cite anything from the bond hearing which suggests that the immigration judge treated Petitioner as mandatorily detained. Rather, it appears he received a bond hearing under § 1226(a). Moreover, at the time of the bond decision in January 2026, there was no Fifth Circuit ruling requiring mandatory detention. Finally, his Petition generally fails to explain why his bond hearing was inadequate or violated due process.

Petitioner appears to assert that he was detained without individualized findings. He asserts that the written bond decision only finds that he is a flight risk, without any further detail. Based on the Court's review of hundreds of habeas petitions this year, the reasoning supporting a bond decision is usually in the oral ruling. But Petitioner does not describe the bond hearing or oral ruling at the bond hearing, or demonstrate that the immigration judge failed to conduct an individualized determination at the bond hearing.

Finally, the Court notes that Petitioner does not expressly challenge his prolonged detention under Counts I-IV. Elsewhere in the Petition he asserts that prolonged detention without a bond hearing violates due process. But here, the Court finds that a bond hearing was held.

Because Petitioner has received the remedy due, a bond hearing, the Court concludes that Petitioner may be detained under § 1226(a).

## II. <u>Fourth Amendment violation</u>.

Petitioner asserts that his arrest without a warrant violates the Fourth Amendment. The Court finds this claim is not well taken. First, Petitioner fails to demonstrate that a Fourth

Amendment violation mandates his release when his detention is otherwise lawful. Second, he fails to explain why a bond hearing is an inadequate remedy.

Generally, Fourth Amendment precedent does not favor immediate release over a bond hearing, as the remedy for a Fourth Amendment violation is generally suppression of unlawfully seized evidence. Evidence collected as part of an unconstitutional seizure may be inadmissible. *United States v. Samilton*, 56 F.4th 820, 826 (10th Cir. 2022) (citing *Terry v. Ohio*, 392 U.S. 1, 29 (1968)). However, "an illegal arrest has no bearing on a subsequent deportation proceeding." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1110 (10th Cir. 2006) (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984)). "It was in [the context of a deportation proceeding] in which the Court noted that the 'body' or identity of a defendant is never suppressible as fruit of an unlawful arrest." *Id.*

Generally, the purpose of a habeas petition under § 2241 is to test whether a petitioner's *current* detention is lawful, and a *prior* unlawful arrest does not require release when detention is otherwise lawful. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (finding that a habeas petition is "not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest"); *see also Stone v. Powell*, 428 U.S. 465, 485 (1976) (noting that "judicial proceedings need not abate when the defendant's person is unconstitutionally seized") (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *Walker v. Wainwright*, 390 U.S. 335, 337 (1968) (As the Supreme Court has recognized, "the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention."); *see also Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (explaining that once deportation proceedings started, the legality of

the noncitizens' detention based on a lack of warrant can no longer be tested by way of habeas corpus).

As explained above, after he was arrested a Notice to Appear was issued, removal proceedings began, and Petitioner received a bond hearing. Petitioner's current detention is otherwise lawful under § 1226(a). Therefore, any unlawful arrest need not result in his release.

Assuming an egregious violation of the Fourth Amendment could result in release, Petitioner did not argue or allege in his Petition that his seizure was an egregious violation under the Fourth Amendment. *See Yanez-Marquez v. Lynch*, 789 F.3d 434, 449–50 (4th Cir. 2015) (joining other circuits to hold that in civil removal proceedings, exclusionary rule applies to "egregious" violations of the Fourth Amendment). Respondents assert that Petitioner admitted to agents that he was not in the country legally, and thus agents had probable cause to arrest him. Petitioner did not dispute this assertion. Accordingly, in light of relevant precedent and Petitioner's failure to demonstrate why immediate release is required over a bond hearing, the Court finds that any Fourth Amendment violation that may have occurred here does not warrant immediate release.

**III. Petitioner's APA claims are not well-taken.**

To the extent Petitioner challenges his detention through an APA claim, it fails. The APA provides a cause of action only where there is no other adequate remedy in court. 5 U.S.C. § 704. Challenges to the fact or duration of immigration detention are cognizable in habeas and "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687-88). In a concurring opinion, Justice Kavanaugh explained that "claims under the APA are not available when there is another 'adequate remedy in a court,' ...." *Trump v. J.G.G.*, 604 U.S. at 674 (Kavanaugh, J., concurring). He further

explained that "habeas corpus, not the APA, is the proper vehicle here." *Id.* Because the relief Petitioner seeks is attainable through habeas corpus, the APA does not supply a cause of action here.

**IV. <u>Abuse of the writ</u>.**

Respondents also assert that Petitioner's second petition should be dismissed for abuse of the writ. Petitioner filed a petition in the Western District of Texas, which was denied. Petitioner failed to address Respondents abuse of the writ argument in his Reply. Therefore, the Court in the alternative would dismiss this second habeas case for abuse of the writ.

Respondents raised abuse of the writ pursuant to 8 U.S.C. § 2244. Section 2244 provides a statutory bar for certain petitions that present a claim previously raised and adjudicated and those that raise a new claim. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Given that § 2244 applies to petitioners who are detained "pursuant to a judgement of a court" and Petitioner is not detained pursuant to any court judgment, *see* § 2244(a); *see also* 8 U.S.C. § 2254, the Court relies on "the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition," *Stanko*, 617 F.3d at 1270. While § 2244(a) codifies the judicially-developed principles of successive and abusive uses of the writ, "the Supreme Court concluded that Congress did not intend § 2244 'to change the law as judicially evolved.'" *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). Thus, although § 2244 does not apply to Petitioner's situation, the underlying judicially-developed principles do.

The successive-use-of-the-writ doctrine authorizes "a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *United States v. Miles*, 923 F.3d 798, 803 (10th Cir. 2019) (quoting *Stanko*, 617 F.3d at 1269). The

ends-of-justice exception requires a showing "that the alleged error 'probably has caused the conviction of one innocent of the crime,' thereby 'implicating a fundamental miscarriage of justice.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991)).

The abuse-of-the-writ doctrine authorizes "a court to decline to hear a second or subsequent habeas petition raising a claim that could have been presented in an earlier petition but was not." *Id.* (quoting *Stanko*, 617 F.3d at 1269). If the new claim was not raised in the earlier petition, "the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id.* This requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim" or counsel had been "constitutionally ineffective." *Id.* (quoting *McCleskey*, 499 U.S. at 493–94). The bar can also be overcome if the petition comes within the "miscarriage-of-justice exception" by making "a proper showing of actual innocence." *Id.* at 803–04 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "A 'proper showing' to overcome either bar requires 'new evidence [that] shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 804 (quoting *McQuiggin*, 569 U.S. at 395. "New evidence" is "relevant evidence that was either excluded or unavailable at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Here, Respondents raised abuse of the writ, albeit under § 2244. This is Petitioner's second habeas petition challenging his detention following the bond hearing. However, it appears that he did not raise a Fourth Amendment claim in his first petition. The Court can perceive no factual change between his first and second petition. For example, in this case he does not raise a new prolonged detention claim. In his Reply, Petitioner did not address Respondents' abuse of the writ argument, explain why the Fourth Amendment claim was not raised in the prior case, or explain why an ends-of-justice or miscarriage of justice exception applies here. Because Petitioner does

not expressly oppose dismissal for abuse of the writ, the Court in the alternative would dismiss for abuse of the writ.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.[1]

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[1] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.